PROB 12C
(6/16)

Report Date: March 7, 2024

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 07, 2024

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Shaun Aaron Vanarendonk | Case Number: 0980 1:18CR02041-JAG-1 |

Address of Offender: LKA: ███████████ Spokane, Washington 99205

Name of Sentencing Judicial Officer:  The Honorable Stanley A. Bastian, Chief U.S. District Judge
Name of Supervising Judicial Officer: The Honorable James A. Goeke, U.S. Magistrate Judge

Date of Original Sentence: December 3, 2019

| | | | |
|---|---|---|---|
| Original Offense: | Felon in Possession of Ammunition, 18 U.S.C. §§ 922(g)(1),924(a)(2) | | |
| Original Sentence: | Prison - 30 months; TSR - 36 months | Type of Supervision: | Supervised Release |
| Revocation Sentence: (01/11/2023) | Prison - Time served (96 days) TSR- 18 months | | |
| Revocation Sentence: (10/18/2023) | Prison - Time Served (35 days) TSR - 16 months | | |
| Asst. U.S. Attorney: | Dan Fruchter | Date Supervision Commenced: | October 26, 2023 |
| Defense Attorney: | Andrea George | Date Supervision Expires: | February 25, 2025 |

### PETITIONING THE COURT

To issue a warrant.

On January 25, 2024, a U.S. probation officer reviewed Ms. Vanarendonk's conditions of supervised release with him. He signed his judgment acknowledging her understanding of her conditions of supervision.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 2**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider. |

Prob12C
**Re: Vanarendonk, Shaun Aaron**
**March 7, 2024**
Page 2

        **Supporting Evidence**: It is alleged that Shaun Vanarendonk violated the terms of his supervised release by failing to attend substance abuse treatment, on or about March 5, 2024.

        Mr. Vanarendonk is enrolled in intensive outpatient treatment with Pioneer Human Services (PHS).

        On February 21, 2024, he reported that he tested positive for COVID. He was expected to return to attending his substance abuse treatment classes on March 5, 2024. However, PHS staff reported he failed to attend his group session on March 5, 2024.

2        **Special Condition #4:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

        **Supporting Evidence**: It is alleged that Shaun Vanarendonk violated the terms of his supervised release by failing to appear for random urinalysis, on or about March 4 and 5, 2024.

        Mr. Vanarendonk is enrolled in random drug testing at Pioneer Human Services (PHS). He is expected to call the drug testing line daily to determine if he is expected to report that same day for testing.

        On February 21, 2024, he reported he tested positive for COVID. Therefore, he was expected to quarantine for a minimum of 5 days. At the latest, he would have been cleared to return for services the week of March 4, 2024.

        Mr. Vanarendonk failed to appear for random drug testing on March 4 and 5, 2024.

3        **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

        **Supporting Evidence:** It is alleged that Shaun Vanarendonk violated the terms of his supervised release by failing to report as directed, on or about March 6, 2024, or since.

        On March 4, 2024, the undersigned attempted to reach Mr. Vanarendonk by phone. A voicemail message was left directing him to contact the undersigned. Mr. Vanarendonk did not respond.

        On March 5, 2024, the undersigned attempted to reach him at his reported residence, a Pura Vida clean and sober house. There was no answer at the door, therefore, a business card was left in the door directing him to report the next day at 8 a.m. This attempted contact was followed up with a phone call in which a voicemail message was left directing him to report that next day at 8 a.m.

        On March 6, 2024, Mr. Vanarendonk failed to report.

Prob12C
**Re: Vanarendonk, Shaun Aaron**
**March 7, 2024**
**Page 3**

That same day, Mr. Vanarendonk sent a text message to one of the probation officers located in Yakima, Washington, who previously supervised Mr. Vanarendonk. That probation officer had reached out to Mr. Vanarendonk's father in hopes of locating Mr. Vanarendonk. Mr. Vanarendonk had inquired as to why this officer was looking for him. During this text exchange, the probation officer reminded Mr. Vanarendonk that he is scheduled to attend the Sobriety Treatment and Education Program (STEP) session on March 7, 2024.

On March 7, 2024, Mr. Vanarendonk failed to appear for STEP.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   03/07/2024

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[x]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

*Signature of Judicial Officer*

3/7/24

Date